**Charles Earl SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46084.

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

Malcolm Dade, Dallas, for appellant.

Henry Wade, Dist. Atty., and James L. Croston, Jr., Asst. Dist. Atty., Dallas, and

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a revocation of probation.

On March 25, 1970, appellant was convicted after a plea of guilty of the offense of burglary with intent to commit theft and his punishment was assessed at five years, probated. Two of the conditions of his probation were that he commit no offense against the laws of this State and that he pay a monthly probation fee.

A motion to revoke his probation was filed on June 8, 1971, alleging that appellant had violated the above stated conditions of his probation. On July 27, 1971, an amended motion was filed alleging that appellant did break and enter a house occupied and controlled by Howard K. Kirvin with intent to commit theft.

A hearing on this motion to revoke was held on September 2, 1971. Appellant contends that the trial court abused its discretion in revoking his probation because the evidence is insufficient to prove an unlawful entry by appellant.

The record reflects that appellant and a companion were found by Dallas policemen at 11:30 p. m. on April 27, 1971, in the Dunbar Elementary School when the police were answering a call given by an alarm company. When an attempt was made to apprehend them, appellant's companion attempted to flee but appellant halted as instructed. At the time of his arrest appellant gave a false name to the arresting officer. There is also evidence that a window had been broken out and opened in the ladies' lounge on the east wing of the building. Howard Kirvin, the principal of the school, testified that all the doors and windows were locked at the close of school that afternoon and that the morning after

the alleged burglary attempt he found that a window had been broken out in the ladies' lounge on the east wing of the building and that he did not give the appellant or anyone else permission to enter the building. The evidence is sufficient to support a finding of burglary by breaking and entering the building with intent to commit theft and a violation of the condition of probation as alleged for revocation.

No abuse of discretion being shown, the judgment is affirmed.